**[J-64-2019] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA, : No. 38 EAP 2018
:
Appellee : Appeal from the Order of Superior
: Court entered on 03/26/2018 at No.
: 730 EDA 2017 (reargument denied
v. : 05/23/2018) reversing and
: remanding the Order entered on
: 02/08/2017 in the Court of Common
TIMOTHY TRAHEY, : Pleas, Philadelphia County, Criminal
: Division, at No. CP-51-CR-
Appellant : 0000422-2016.
:
: ARGUED: September 10, 2019

## CONCURRING OPINION

**JUSTICE MUNDY**                                          **DECIDED: April 22, 2020**

Because I would not decide the validity of the exigent circumstances to the warrant requirement for a blood alcohol concentration test, based on the alternative availability of a breathalyzer test, I concur in the result only. In my view, the two tests are separate and distinct, and access to a breath test does not necessarily affect a warrant application or the applicability of an exception to the warrant requirement for obtaining a blood test. As the Majority notes, in *Birchfield v. North Dakota*, __ U.S. __, 136 S.Ct. 2160 (2016), the Supreme Court held that the reasonableness of a blood test "must be judged in light of the availability of the less invasive alternative of a breath test." Majority Op. at 4, 24 (quoting *Birchfield*). Based on this, the Court rationalized that the less invasive breath test did not require a warrant, while a blood test did. The Court did not hold that when a breath test is available, exigent circumstances permitting a warrantless blood test cannot occur. In fact, the Court stated, "[n]othing prevents the police from seeking a warrant for

a blood test when there is sufficient time to do so in the particular circumstances or from relying on the exigent circumstances exception to the warrant requirement when there is not." *Id.* (citing *McNeely,* 569 U.S., at __, 133 S.Ct., at 1568). Thus, contrary to the majority's pronouncement that the United States Supreme Court "has signaled its preference for breath testing", it is clear that the Court did not intend for the availability of a breath test to create a prerequisite to the exigent circumstances doctrine application to warrantless blood tests. *See* Majority Op. at 21. The two tests remain distinct alternatives, and as the Supreme Court held in *McNeely*, "consistent with general Fourth Amendment principles, . . . exigency in [DUI cases] must be determined case by case based on the totality of the circumstances." *Id.* at 145.

Accordingly, I concur in the result.[1]

Chief Justice Saylor joins this concurring opinion.

---

[1] While the initial circumstances of this matter had the indicia of exigent circumstances, at the point in time that Appellant consented to a warrantless blood draw, under the now unconstitutional implied consent law, the circumstances ceased to exist. We cannot in hindsight determine how the officers would have proceeded absent Appellant's consent. Thus, we question the value of an analysis of exigency in this case when in fact the officers at the time proceeded on a theory of consent.